UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHELAN HOLDINGS, INC.,

    Plaintiff,

v.                                                      CASE NO: 8:15-CV-2294-T-30TBM

RARE HOSPITALITY MANAGEMENT,
INC.,

    Defendant.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant's Motions for Attorney's Fees and Costs (Dkts. 57, 58) and Plaintiff's Responses in Opposition (Dkts. 64, 65). Upon review and consideration, the Court denies the motions without prejudice in light of Plaintiff's Notice of Appeal (Dkt. 62).

On March 27, 2017, the Court granted Defendant's motion for summary judgment on the entirety of Plaintiff's claims (Dkt. 55). On March 28, 2017, final judgment was entered in Defendant's favor (Dkt. 56). On April 11, 2017, Defendant moved for prevailing party attorney's fees and costs (Dkts. 57, 58). On April 25, 2017, Plaintiff filed a Notice of Appeal (Dkt. 62). On May 16, 2017, Plaintiff filed responses in opposition to Defendant's motions for fees and costs (Dkts. 65, 66). Plaintiff's responses note, in relevant part, that Defendant's motions are premature in light of the pending appeal.

A district court has the discretion to deny a motion for fees and costs without prejudice "[if] an appeal on the merits of the case is taken." *Democratic Republic of the*

*Congo v. Air Capital Grp., LLC*, No. 12-20607-CIV-ROSENBAUM, 2014 WL 12634405, at *1 (S.D. Fla. May 8, 2014) (quoting Fed. R. Civ. P. 54(d)(2) advisory committee's note); *see also Hetrick v. Ideal Image Dev. Corp.*, No. 8:07-cv-871-T-33-TBM, 2009 WL 1788376, at *1 (M.D. Fla. June 22, 2009) ("[t]he Court has discretion to deny a motion for attorney's fees and costs without prejudice to re-file after the appeal has concluded.").

In light of Plaintiff's appeal, the Court exercises its discretion to deny Defendant's motions for fees and costs without prejudice. The Court's decision is also influenced by Fla. Stat. § 501.2105(1)—one of the statutes under which Defendant seeks its entitlement to fees and costs—which states that "the prevailing party, after judgment in the trial court *and exhaustion of all appeals*, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party." (emphasis added). It is also worth noting that attorney's fees and costs are frequently resolved in appellate mediation. *See Hetrick*, 2009 WL 1788376, at *2 (noting same).

It is therefore **ORDERED AND ADJUDGED** that: Defendant's Motions for Attorney's Fees and Costs (Dkts. 57, 58) are denied without prejudice to refile within thirty (30) days after entry of a mandate by the Eleventh Circuit Court of Appeals.

**DONE** and **ORDERED** in Tampa, Florida on May 18, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record